UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

June 14, 2011

Stephen F. Shea, Esq.
Elkind & Shea
801 Roeder Road, Ste. 550
Silver Spring, MD   20910

Alex S. Gordon, AUSA
36 S. Charles Street
Fourth Floor
Baltimore, MD   21201

**Re: Kim Purnell v. Michael J. Astrue, Commissioner of Social Security, PWG-08-1084**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Purnell's claim for Supplemental Security Income ("SSI"). (ECF Nos. 8,26,32).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary.  Local Rule 105.6.  For the reasons that follow, this Court DENIES the Commissioner's Motion and GRANTS the Plaintiff's Alternative Motion for Remand.

Ms. Purnell ("Claimant") applied for Supplemental Security Income ("SSI") on December 23, 1999, alleging that she was disabled as of February 1989 due to chronic obstructive pulmonary disease("COPD"), angina, hypertension, asthma, glaucoma, degenerative joint disease, arthritis, osteoporosis, tendonitis, glaucoma, and depression (Tr. 16, 85).  After a hearing[1] the ALJ issued an unfavorable decision dated October 15, 2001. Claimant appealed and on July 11, 2003 the Appeals Council notified Claimant that her case was being remanded for further

---

[1] The first administrative hearing in this case was held on November 9, 2000. (Tr. 357-384).

proceedings because the Agency was unable to locate her claim file. (Tr. 16,52). After efforts to reconstruct her file were made a second ALJ hearing was held on March 9, 2004. Claimant appeared with her attorney and testified. (Tr. 319-355). After the second hearing the ALJ issued a partially favorable decision dated January 13, 2005. The ALJ concluded, that, beginning April 16, 2004--but not before that date-- Ms. Purnell's medically determinable mental impairments resulted in "above moderate limitations" in her abilities to: perform activities within a schedule and to maintain regular attendance for reliability purposes and be punctual within customary tolerances; and complete a normal work day or work week without an unreasonable length and number of rest periods. As a result of these mental limitations, the ALJ found there would be no jobs available rendering her eligible for SSI benefits effective April 16, 2004 but not prior thereto. (Tr. 30). Therefore, the ALJ denied Ms. Purnell's claim for SSI benefits from December 1999 to April 16, 2004. On March 5, 2008, the Appeals Council denied Ms. Purnell's request for review, making her case ready for judicial review. (Tr. 5-8).

The Claimant argues that the Commissioner's final decision should be reversed because it is not supported by substantial evidence. For the following reasons, I will **GRANT** the Claimant's Alternative Motion for Remand.

Claimant first argues that there is no medical basis for the ALJ's findings regarding her mental RFC prior to April 16, 2004 since the ALJ rejected all the limitations submitted by the treating physicians, and there were no consultative examinations in the record other than a psychological examination conducted by Dr. Teresa Trabue[2].

The ALJ made the following RFC determinations regarding the Claimant. With respect to her mental impairment he found:

---

[2] Dr. Teresa Trabue, a licensed psychologist, examined Claimant on April 16, 2004. Dr. Trabue tested Claimant's IQ, and stated that Claimant had very little patience with the testing process, her persistence was poor which, when coupled with her mood and interpersonal skills, reduced the likelihood of success in any current employment situation. The doctor also found that Claimant was not extremely tolerant or accommodating. Dr. Trabue also completed a Medical Source Statement of Ability to perform Work Activities in which she assessed Claimant as having a "moderate" restrictions in her ability to understand, remember, and carry out detailed instructions. Claimant had a "marked" restriction in her ability to interact appropriately with the public supervisors and with co-workers and respond appropriately to work pressures and changes in a routine work setting. (Tr. 251-258).

> [p]rior to April 16, 2004, with regard to Ms.
> Purnell's mental impairment "the evidence of record
> shows that Claimant only had "mild" restriction of
> activities of daily living, "moderate" difficulties in
> maintaining social functioning, and "moderate"
> difficulties in maintaining concentration persistence
> and pace. (Tr. 27).

With respect to her physical impairments, the ALJ found
that prior to April 16, 2004 the claimant was:

> [l]imited in standing walking and lifting because of
> stiffness and some pain. However she had the physical
> functional capacity to perform activities within a wide
> range between the light and alternatively sedentary
> exertional level as defined in the Social Security
> Regulations. She could occasionally climb stairs and
> ramps, balance, stoop, kneel and crouch. She could not
> crawl or climb ladders ropes or scaffolds. She could
> not perform any work involving hazardous heights or
> moving machinery. She could have no exposure to
> extreme temperature changes, and no concentrated
> exposure to dust, fumes, chemicals, poor ventilation,
> excessive humidity, wetness, or excessive vibration.
> Because of depression she could perform only low stress
> routine work, (i.e., work requiring no more than
> moderate attention and concentration and persistence
> and pace for prolonged periods). She had moderate
> limitations in her ability to perform activities within
> a schedule and to maintain regular attendance for
> reliability purposes and be punctual within customary
> tolerances and moderate limitations as to her ability
> to complete a normal work day or work week without an
> unreasonable length and number of rest periods. (Tr.
> 27-28).

Of concern to the Court is that the ALJ's determinations did not
contain citation to exhibits in the record. Rather it contained
the conclusory statement that "this assessment is consistent
with objective medical evidence and the other evidence of
record."(Tr. 28).

In finding that Ms. Purnell did not qualify for "SSI" prior
to April 16, 2004 (the date of her psychiatric consultative
exam), the ALJ stated:

3

> [D]r. Trabue states that it was **clear** that the
> claimant **as of April 16, 2004**, was perceiving her life
> as overwhelming and therefore responding with a
> tremendous amount of negative effect. She had very
> little patience in the testing process. Her
> persistence was poor which when coupled with her mood
> and interpersonal skills, Dr. Trabue stated reduced
> the likelihood of success in any current employment
> situation that was not extremely tolerant and
> accommodating. (Tr. 22)(emphasis added).

The Commissioner acknowledges that the primary difference between the ALJ's RFC findings before and after April 16, 2004, is the "moderate limitations in mental limitations" found by Dr. Trabue.(tr. 255-259). The issue in question is whether the moderate mental limitations found by Dr. Trabue existed prior to April 16, 2004. Claimant argues that they did, and the Commissioner argues that there is little, if any, evidence of any complaints of depression by Ms. Purnell from 2001 to 2004 and suggests that Dr. Trabue's opinions regarding Ms. Purnell's limitations were of "recent origin."

However, the ALJ's conclusion is not supported by the record. Nowhere in Dr. Trabue's report does she state --or imply-- that it was her opinion that these moderate limitations were only present as of the date of the examination --as the ALJ stated in his decision. (Tr. 21-22). Rather the evidence shows that on numerous occasions throughout 2001, 2003, and 2004 Ms. Purnell was complaining of, and receiving treatment with various medications for, her depression. (Tr. 107, 157, 159, 163, 179, 203). This evidence clearly demonstrates a prolonged history of on-going problems with depression.

Claimant also asserts, and I agree, that the ALJ failed to follow Social Security Ruling ("SSR") 83-20. The ALJ was required, but failed, to call a medical expert to determine the onset date. The Commissioner appears to concede that a remand may be appropriate based on this argument by Claimant, but nevertheless argues (albeit in a footnote) that "even if the Court were to remand this case for the ALJ to consult with a medical expert another ALJ could find that the claimant was disabled for a shorter period or in fact was never disabled." The Commissioner further speculates that "based on notations of drug seeking behavior an ALJ could reasonably conclude that Ms. Purnell was never disabled under the Act." This speculation is

4

irrelevant to the issue of whether the ALJ fulfilled his duties and complied with SSR 83-20. *See* Defendant's Memorandum, p.18, fn. 5.

When the evidence of onset is ambiguous, the ALJ must obtain the assistance of a medical advisor in order to render an informed judgment that the Ruling requires. *Bailey v. Chater*, 68 F.3d 75(C.A.4 (Va.)1995). SSR 83-20, in relevant part, provides:

> "[I]n some cases it may be possible based on the medical evidence to reasonably infer that the onset date of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment however must have a legitimate medical basis. At the hearing the ALJ should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available such evidence should be secured before inferences are made.
>
> SSR 83-20, 1983 WL 31249 **3(S.S.A.))

In this case, it is unclear when Ms. Purnell's impairments became disabling. The ALJ should have complied with SSR 83-20 and requested a medical opinion regarding the extent of Ms. Purnell's impairments prior to April 16, 2004.

In sum, substantial evidence does not support the ALJ's decision. Accordingly the Defendant's Motion for Summary Judgment will be granted and the claim remanded for further proceedings consistent with this decision. A separate order shall issue.


Dated: 6/14/11                        __/s/_____
                                      Paul W. Grimm
                                      United States Magistrate Judge